```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


DANIEL L. LITTLE                *
                                *
v.                              *
                                *    Civil Action No. WMN-12-2173
UNITED STATES OF AMERICA        *
                                *
   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

This suit asserts a medical malpractice claim.  On December 21, 2009, Plaintiff Daniel Little underwent spinal surgery at the U.S. Department of Veterans Affairs Medical Center (VAMC) in Baltimore, Maryland.  He alleges that, despite the fact that he alerted VAMC staff on several occasions that he has a full upper denture that needed to be removed prior to surgery, they failed to do so and, as a result, the denture became lodged in his throat requiring a second surgery to remove it.  Proceeding pro se, Plaintiff brings this suit seeking $100,000.00 in damages.

The government has filed a motion to dismiss, ECF No. 6, on the ground that Plaintiff's claim is barred by sovereign immunity as Plaintiff failed to fulfill the requirements of the Federal Tort Claims Act (FTCA).  Specifically, Plaintiff failed to meet the time requirements set forth in 28 U.S.C. § 2401(b).[1]  The Court agrees that Plaintiff's claim must be dismissed.

---

[1] The government also argues that Plaintiff failed to first present his medical malpractice claim to the Director of the

The United States, as sovereign, cannot be sued unless it has waived its sovereign immunity. The FTCA provides a limited waiver of that immunity, but waivers of immunity are strictly construed and the "limitations and conditions upon which the Government consents to be sued must be strictly observed." Lehman v. Nakshian, 453 U.S. 156, 161 (1981) (internal quotation omitted). One of the conditions to bringing suit against the United States is that the claimant must first present his claim to the appropriate agency within two years from the date the claim arose. 28 U.S.C. § 2401(b). If the agency denies the claim, the claimant has six months in which to file his suit in the district court, or to file a request for reconsideration with the agency. Id.; 28 C.F.R. § 14.9(b). If the claimant fails to file either a lawsuit or a request for reconsideration within that timeframe, his claim is "forever barred." 28 U.S.C. § 2401(b); see also Gibbs v. United States, 34 F. Supp. 2d 405 (S.D.W. Va. 1999) (dismissal for lack of subject matter jurisdiction when complaint filed in district court one day beyond six-month period required by § 2401(b)); McClain v. United States, Civ. No. 5-49, 2005 WL 2148929 at *2 (W.D.N.C.

---

Maryland Health Claims Alternative Dispute Resolution Office as required under the Maryland Health Care Malpractice Claims Act (HCMCA), Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(a)(1)(i). Although the Court need not reach the merits of that argument, the Court concurs that Plaintiff's claim would be barred on that ground as well.

Sept. 7, 2005) (claim dismissed when request for reconsideration filed with agency one day beyond six-month period required by § 2401(b)).

Here, Plaintiff did file a timely administrative claim against the Department of Veterans Affairs (VA) on June 22, 2010.  The VA denied Plaintiff's claim and communicated that denial in a letter dated October 20, 2011, and sent by certified mail.  That letter informed Plaintiff that if he was dissatisfied with the decision he could file a request for reconsideration with the VA or a lawsuit in the district court, but he must do so within six months of the date of the mailing of that letter.  Plaintiff filed a request for reconsideration, but did not do so until June 21, 2012, eight months after the mailing of the initial denial.  On July 3, 2012, the VA denied the request for reconsideration as untimely.  Plaintiff filed suit in this Court on July 23, 2012.

In his opposition to the motion to dismiss, Plaintiff concedes that these dates are accurate.  While he reiterates the merits of his claim against the VA, he acknowledges that the initial decision letter was dated October 20, 2011, that the letter informed him that he had six months to file an request for reconsideration, and that he did not do so until June 21, 2012.  He also notes in his opposition that this Court granted him in Forma Pauperis status, but that decision by this Court

3

does not imply that the case can go forward against the United States absent a valid waiver of immunity.

Because Plaintiff failed to timely file a request for reconsideration or a lawsuit within the time permitted, his suit is "forever barred" and must be dismissed.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge



DATED: January 8, 2013